NEHEMIAH PALMER *vs.* CHARLES D. PALMER & another, Administrators.

The occupation of real estate of an intestate by one of his two administrators, who is also one of his heirs, without paying or charging himself with any rent, is not of itself a bar to granting a petition for leave to sell real estate for the payment of debts.

The lapse of four years is no bar to granting the petition of an administrator for leave to sell real estate of his intestate for payment of a debt to the administrator, if the administrator has been guilty of no laches.

The fact that an administrator's account is still unsettled is no bar to his petition for leave to sell real estate of his intestate for payment of debts.

APPEAL from a decree of the court of probate, granting the petition of Charles D. Palmer and Nathan Palmer, administrators of Henry Palmer, for leave to sell real estate of their intestate for the payment of a debt due said Charles, and ascertained by a decree of this court in May 1851 to be $5,313.42 and four years' interest. Hearing before *Dewey,* J., who reported for the consideration of the full court the following matters relied on by the appellant as grounds for denying the prayer of the petition :

1st. The appellant offered evidence tending to show that said Charles (who was one of the heirs of the intestate, and as such entitled to one tenth part of the real estate) had occupied and improved the whole of the real estate ever since the death of the intestate, and taken the profits, amounting to $350 or $400

annually, to his own use; and had not charged himself with any part thereof in his own accounts, or paid any rent to his co-heirs; but denied any liability to them therefor.

2d. The appellant contended that as the petitioners were appointed administrators in 1848, and the debt in question was a judgment recovered in May 1851, and this petition was not presented until the 6th of February 1856, the right to a license was barred by lapse of time.

3d. The petitioners in 1853 had rendered an account, in which they claimed to have accounted for all the personal estate, and to leave a balance due them besides the debt to said Charles. Upon the rendering of this account an order of notice was issued, and the parties appeared and were heard before the probate court for and against the account; but no final adjudication had been made thereon.

*I. Sumner & J. E. Field,* for the appellant. 1. The administrators should have accounted for the use of the real estate. Rev. Sts. *c.* 67, § 6. *Stearns* v. *Stearns,* 1 Pick. 159. *Gibson* v *Farley,* 16 Mass. 280.

2. The claim of the petitioners was barred by lapse of time. *Allen, petitioner,* 15 Mass. 58. *Wellman* v. *Lawrence,* 15 Mass. 326. *Richmond, petitioner,* 2 Pick. 567. *Heath* v. *Wells,* 5 Pick. 139. *Hudson* v. *Hulbert,* 15 Pick. 423. *Brown* v. *Anderson,* 13 Mass. 201. *Scott* v. *Hancock,* 13 Mass. 162. *Ricard* v. *Williams,* 7 Wheat. 116. *Nowell* v. *Nowell,* 8 Greenl. 220. *Smith* v. *Dutton,* 16 Maine, 308. *Fitch* v. *Witbeck,* 2 Barb. Ch. 161. *Campau* v. *Gillett,* 1 Mich. 416.

3. No license should have been granted to sell the real estate of the intestate, until the account of the administrator had been passed upon by the court of probate. Rev. Sts. *c.* 71, §§ 1, 3. *Nowell* v. *Nowell,* 8 Greenl. 220. *Wheeler* v. *Wheeler,* 1 Conn. 51. *Jackson* v. *Robinson,* 4 Wend. 436. *Stiers* v. *Stiers,* Spencer, 52. *Snyder* v. *Markel,* 8 Watts, 416. *Corwin* v. *Merritt,* 3 Barb. 341. *Scheider* v. *McFarland,* 4 Barb. 139. *Sanford* v. *Granger,* 12 Barb. 392. *McDonald* v. *Hutton,* 4 Halst. Ch. 473.

*J. D. Colt,* for the appellees.

HOAR, J. We are all of opinion that the occupation of

the real estate of the intestate by one of two administrators, who is also one of the heirs, is not of itself a bar to the granting the prayer of this petition for leave to sell real estate for the payment of debts. Strictly, an administrator has nothing to do with the real estate of his intestate, except to execute the power to sell it for the payment of debts, when it is necessary to do so, and he has obtained the requisite authority. But as, in practice, it is sometimes found that by an arrangement with the heirs he takes the profits of the whole or some part of it for the benefit of the estate, the statute requires him to account for what he may so receive, as assets in the course of administration. In the report in this case, we do not find that any such agreement or arrangement was made. But whether it was made or not is a fact to be decided, if in dispute, upon the settlement of their administration account by the petitioners. If they have thus occupied the estate, in their capacity of administrators, they must account for the rents and profits which they have received; but if one of the heirs has been in possession, the fact that he is also one of the administrators will not impose upon him the obligation to account for profits which any of the heirs may rightfully take and retain, so long as their title to the estate is not devested by a sale under authority of law.

2. The lapse of time is not necessarily a bar to the petition; and, under the circumstances stated in this report, cannot, we think, prevail as an objection to it. The questions to be determined upon the petition are, whether the real estate is needed for the payment of debts, and whether it ought to be regarded as assets, to be disposed of by the administrators for that purpose. If four years under the old statute, or two years as the law now stands, have elapsed since the appointment of the administrator, and no debts exist but those claims against which the statute of limitations would furnish complete protection, then the real estate is not needed for the payment of debts, and a license to sell it cannot be granted.

If the only claims against the estate are those of the administrator himself, the amount of which he is entitled to retain from

the estate in the settlement of his account, and the administra‐ tor has negligently omitted to apply for leave to sell the real estate, until the four years or the two years have expired, and has suffered the heirs to make partition of the real estate, or to‐ make conveyance of it, under the reasonable belief that it would not be wanted for the payment of debts, a license to sell would not be granted; because the lien upon the real estate is not to be perpetual, and the administrator, by his own laches, would have entitled the heirs to consider it terminated. *Hudson* v. *Hulbert,* 15 Pick. 423.

But in the case before us, there does not appear to have been any change in the property; nor is there any equity which should defeat the right of the administrator to have his debt satisfied by a sale of the real estate. Until the administration account is settled, it is difficult to determine how much of the real estate it will be necessary to sell, although it is certain that some of it must be sold. Indeed one of the points taken by the respon‐ dents is, that this petition is premature, and cannot be supported until the administration account is settled. Although we have not so decided, the litigation upon the account would at least show that, in the view of both parties, there was a good reason why this petition was not sooner presented.

3. We do not think that the fact, that the administrators have not settled their account, is in itself a bar to this petition. It would be so if, the account having been seasonably rendered, it depended upon its allowance whether any sale of real estate would be requisite. But in some cases the necessity of a sale might be apparent, and the occasion for it pressing, however the account should be settled. It would be so in the case of an insolvent estate, where the whole real estate should be insuffi‐ cient to meet the acknowledged deficiency in the personal estate. But in the case at bar, although it is certain that a sale must be allowed, yet, as the account is now under process of settle‐ ment in the probate court, we think that it will be expedient to delay action upon the petition until it shall be settled.

The court therefore order and decree that the petition be remitted to the probate court, there to be continued until the

28*

administrators' account shall have been settled, and then that the prayer thereof be granted, and a license given to sell so much of the real estate as shall be needed to satisfy that amount of the debt due to the administrator, which shall not be satisfied from the personal estate.